# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PACHECO XAVIER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 19-cv-788-JPG ) ) |
| DR. MYERS, and WEXFORD HEALTH SOURCES, INC., | ) ) ) ) ) |
| Defendants. | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Pacheco Xavier, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Centralia Correctional Center ("Centralia"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges Defendants at Pinckneyville Correctional Center ("Pinckneyville") were deliberately indifferent to his serious medical needs under the Eighth Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint, Plaintiff makes the following allegations: While housed at Pinckneyville in November 2017, Plaintiff felt a sharp pain in his lower abdomen while cleaning his cell. (Doc. 1, p. 3). A large knot formed. He sought medical treatment from nurses on several occasions and they informed him that he had a hernia and that they would monitor his condition. They also told him that he needed surgery to repair the hernia. He eventually saw Dr. Myers for his condition and Dr. Myers also stated that he would monitor his condition but did not provide him with further care. (*Id.*). Dr. Myers also refused to provide him with any pain medication. He was provided with milk of magnesia and stool softeners as the hernia made it difficult for him to defecate. (*Id.*). According to Plaintiff's grievance, he was eventually referred to an outside specialist who determined that his hernia required surgical repair. (*Id.* at p. 9). Despite the specialist's recommendation, Dr. Myers repeatedly denied Plaintiff's request for surgery. (*Id.* at p. 3). Dr. Myers denied surgery three times before the procedure was finally approved by Wexford Health Sources, Inc. ("Wexford"). During that time period, Plaintiff continued to suffer from pain and difficulties with his bowels. (*Id.* at pp. 3, 9). Plaintiff had surgery to repair his hernia on May 29, 2019. (*Id.* at p. 7).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate the following single count in this *pro se* action:

> **Count 1:** **Dr. Myers and Wexford Health Sources, Inc. were deliberately indifferent under the Eighth Amendment to Plaintiff's hernia pain.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

Plaintiff states a viable claim for deliberate indifference against Dr. Myers for delaying Plaintiff's surgery to repair his hernia and for failing to provide him with pain medication. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

However, Plaintiff fails to state a claim against Wexford for deliberate indifference. Wexford is a private corporation that employs prison medical providers to provide medical care at the prison. The corporation cannot be liable on this basis alone because *respondeat superior* liability is not recognized under § 1983. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford will only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Plaintiff fails to cite to any such policy or practice. As such, Wexford is **DISMISSED without prejudice** from Count 1.

## Motion for Counsel

In his Motion for Counsel (Doc. 3), Plaintiff indicates that he is not currently represented by an attorney. He does not, however, indicate whether he has contacted any attorneys seeking representation. Based on this lack of evidence the Court cannot determine if Plaintiff has made a *reasonable* attempt to obtain counsel. Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Plaintiff should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case. Plaintiff's motion for counsel (Doc. 3) is **DENIED without prejudice**.

## Disposition

**IT IS HEREBY ORDERED** that Count 1 shall proceed against Dr. Myers but is **DISMISSED without prejudice** as to Wexford Health Sources, Inc. The Clerk is **DIRECTED** to **TERMINATE** Wexford Health Sources, Inc. from the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant Dr. Myers: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Plaintiff. If defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 9/16/2019**

s/J. Phil Gilbert
**United States District Judge**

**<u>Notice to Plaintiff</u>**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that

it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**