### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PACHECO XAVIER, #Y18646, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 19-cv-00788-JPG |
| ) | |
| DR. MYERS, ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter comes before the Court for consideration of Defendant's Motion for Summary Judgment. (Doc. 26). Defendant Dr. Myers seeks dismissal of this action based on Plaintiff's failure to exhaust his available administrative remedies before filing suit. (*Id*.). Plaintiff did not file a written response to the summary judgment motion. The Court entered an Order requiring Plaintiff to show cause why his lack of response should not be construed as an admission of the merits of the motion. (Doc. 30) (citing SDIL-LR 7.1(c)). Plaintiff did not respond to the show cause order. For the reasons set forth herein, the motion for summary judgment is **GRANTED**.

#### BACKGROUND

On July 22, 2019, Plaintiff commenced this action by filing a Complaint pursuant to 42 U.S.C. § 1983 for constitutional deprivations at Pinckneyville Correctional Center. (Doc. 1). Plaintiff asserted an Eighth Amendment deliberate indifference claim against Dr. Myers and Wexford Health Sources, Inc. for delaying surgery and denying pain medication for his hernia beginning in November 2017. (*Id*. at 3, 9). Following threshold review of this matter pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with a single Eighth Amendment medical deliberate indifference claim against Dr. Myers. (Doc. 10).

1

Dr. Myers moved for summary judgment on March 18, 2020. (Doc. 26). In the motion, Dr. Myers argues that Plaintiff failed to exhaust his available administrative remedies before filing suit. (*Id.*). Plaintiff experienced abdominal pain that he attributed to a hernia in November 2017. (Doc. 1, p. 3; Doc. 27, ¶ 2). He included a grievance, dated March 20, 2019, as an exhibit to the Complaint. (Doc. 1, pp. 8-9, Doc. 27, ¶ 3). In the grievance, Plaintiff complained of hernia pain and requested surgery. (Doc. 1, pp. 8-9). Although this grievance was marked as an emergency, the prion's chief administrative officer (CAO) deemed it a non-emergency and returned it to Plaintiff on March 25, 2019.[1] (*Id.*). Plaintiff separately submitted the grievance as a non-emergency to a counselor, who denied it on or around May 1, 2019. (Doc. 1, pp. 8-9; Doc. 27, ¶ 3). He appealed this grievance and received a response on or around June 12, 2019. (Doc. 1, p. 7; Doc. 27, ¶ 3). Plaintiff produced no other documentation or evidence of his efforts to appeal this decision to the Administrative Review Board (ARB), and the ARB has no copy of this grievance on file. (Doc. 1, pp. 7-9; Doc. 27, ¶ 5; Doc. 27-1). Consequently, Dr. Myers asserts that Plaintiff failed to timely or properly exhaust his available remedies before filing this lawsuit on July 22, 2019. (Doc. 1; Doc. 27, ¶ 4).

## LEGAL STANDARDS

### A.  Summary Judgment

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories,

---

[1] Dr. Myers indicates that the grievance was returned to Plaintiff on *May* 25, 2019. (Doc. 27, ¶ 3). This appears to be a typographical error. The emergency grievance, dated March 20, 2019, was deemed a non-emergency by CAO Scott Thompson on *March* 25, 2019. (Doc. 1, pp. 8-9).

depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c). If a defendant demonstrates the absence of sufficient evidence to support Plaintiff's claim, Plaintiff must demonstrate by affidavit, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 324-25.

**B.     PLRA Exhaustion Requirement**

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), governs lawsuits filed by inmates about the conditions of their confinement pursuant to 42 U.S.C. § 1983. The PLRA provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has interpreted the PLRA to require "proper exhaustion" before filing suit. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). This means that an inmate must "us[e] all steps that the agency holds out, and do[ ] so properly (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In other words, an inmate must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

In order to properly exhaust his claims, an IDOC inmate is required to follow the regulations contained in the Illinois Department of Corrections's (IDOC) Grievance Procedures for Offenders. 20 ILL. ADMIN. CODE § 504.800 *et seq*. The inmate may request that a grievance be handled on an emergency basis by forwarding it directly to the CAO of the institution. 20 ILL.

ADMIN. CODE § 504.840.  If the grievance presents a situation posing imminent personal injury or serious physical harm to the inmate, the CAO shall expedite the handling of the grievance on an emergency basis.  20 ILL. ADMIN. CODE § 504.840(a).  After April 1, 2017, if the CAO determines that the grievance presents a non-emergency, he or she shall notify the offender "in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process."  20 ILL. ADMIN. CODE § 504.840(c).  This occurred in the present case.

The standard grievance procedure requires inmates to file a grievance with a counselor or grievance officer at the institutional level within sixty days of the incident giving rise to the complaint.  20 ILL. ADMIN. CODE § 504.810(a).  Within two months of receipt of the grievance, the grievance officer shall report his or her findings in a written report and recommendation to the CAO.  20 ILL. ADMIN. CODE § 504.830(a),(e).  Upon review of these findings and recommendation, the CAO shall advise the inmate or his or her decision in writing.  *Id*.  If the inmate disagrees with the decision and wishes to appeal it, the inmate may file a written appeal to the IDOC Director by submitting the appeal, along with a copy of the grievance officer's report and CAO's decision, to the Administrative Review Board ("ARB") within thirty days of the warden's decision.  20 ILL. ADMIN. CODE § 504.850(a).  The ARB then submits a written report and recommendation to the Director, who makes a final determination about the grievance within six months after receipt of the appealed grievance.  20 ILL. ADMIN. CODE § 504.850(d),(e).  The ARB shall expedite this process, in cases where an inmate is appealing a grievance that the CAO deemed to be an emergency.  20 ILL. ADMIN. CODE § 504.850(f).

## ANALYSIS

The Court deems all material facts undisputed because Plaintiff failed to file a response to the pending motion for summary judgment by the original deadline (April 20, 2020) or extended

(July 6, 2020) deadline.  He disregarded a Notice explaining the implications of this decision. (Doc. 28) (quoting FED. R. CIV. P. 56(e)) (granting district court discretion to consider a fact undisputed for purposes of a summary judgment motion when party fails to properly address another party's assertion or fact).  Plaintiff also disregarded the Court's repeated warning that his failure to file a response would "be construed as an admission of the merits of the motion and may result in granting summary judgment for Defendant."  (Docs. 29 and 30) (citing SDIL-LR 7.1(c)). Accordingly, the Court will exercise its discretion pursuant to Rule 56(e) and deem all material facts as undisputed.  FED. R. CIV. P. 56(e).

In light of this, the Court finds that Dr. Myers has demonstrated that Plaintiff did not properly exhaust his available administrative remedies.  Plaintiff filed an emergency grievance on March 20, 2019.  When the CAO denied it as a non-emergency and instructed him to file the grievance through the normal channels on March 25, 2019, Plaintiff did not complete the process. He re-filed the grievance as a non-emergency.  When it was denied on or around May 1, 2019, Plaintiff appealed to the grievance counselor.  However, when the grievance counselor denied the grievance on June 12, 2019, Plaintiff took no further action to exhaust his administrative remedies with the IDOC Director, the ARB, or anyone else.  No facts in the record suggest that the grievance procedure was otherwise unavailable or too difficult to navigate.

The Court also finds that Plaintiff failed to identify any genuine issues of material fact that preclude summary judgment.  Consistent with Local Rule 7.1(c), the Court construes Plaintiff's failure to respond to the pending summary judgment motion as an admission of the merits of the motion.  *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995).  Based on this admission and the foregoing discussion, the Court finds that Plaintiff's claim in Count 1 against Dr. Myers is unexhausted.  Accordingly, Defendant is entitled

to summary judgment, and this action is subject to dismissal without prejudice.  *See* SDIL-LR 7.1(c); FED. R. CIV. P. 41(b) and 56(e).

## DISPOSITION

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Doc. 26) is **GRANTED**.  *See* SDIL-LR 7.1(c); FED. R. CIV. P. 41(b) and 56(e).  This action, including **COUNT 1**, is **DISMISSED** without prejudice against Defendant **DR. MYERS**.  **COUNT 1** was previously **DISMISSED** without prejudice against **WEXFORD HEALTH SOURCES, INC.** (*See* Doc. 10).  The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

**DATED: 8/28/2020**                              s/J. Phil Gilbert  
                                                  **J. PHIL GILBERT**  
                                                  **United States District Judge**